829 F.2d 1120
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack Michael HALEY, administrator of the Estate of Patrick
Shawn Haley; Betty M. Hennings, Administratrix of the
Estate of John T. Hennings; Belinda D. Hennings,
Administratrix of the Estate of Howard G. Hennings,
Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-2541.
 United States Court of Appeals, Fourth Circuit.
 Argued July 27, 1987.
Decided Sept. 25, 1987.
 
 Jonanthan Silverman; James Douglas Moretz for appellants.
 Wendy Leigh Rome, United States Department of Justice (Richard K. Willard, Assistant Attorney General; Charles R. Brewer, United States Attorney; Clifford Carson Marshall, Jr., Office of the United States Attorney; Mark Baylen, Federal Aviation Administration, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs are the administrators of the estates of the pilot and two passengers of a Piper Comanche aircraft that crashed, killing all aboard, in Henderson County, North Carolina, on February 22, 1983. Pursuant to the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b) and 2671 et seq., plaintiffs brought this wrongful death action against the United States, alleging that the negligence of FAA air traffic controllers proximately caused the plane crash that killed the occupants of the Comanche. Following a full bench trial, the district court found that the air traffic controllers had been negligent, but it also found that their negligence did not proximately cause the crash, and it entered judgment in favor of defendant. Plaintiffs appeal and we affirm.
 
 
 2
 We do not think the district court's factual findings were clearly erroneous. Plaintiffs argue that the air traffic controllers could have substantially reduced the risk of a crash by directing the plane toward an interstate highway near Asheville rather then negligently directing it over hilly terrain toward the unlit Hendersonville airport. Even assuming that North Carolina law allows recovery for air-traffic controller negligence causing an increased risk of an air crash, cf. Morrison v. Stallworth, 73 N.C. App. 196@ 326 S.E.2d 387 (1985), we think there is evidence to support the district court's finding that any increased risk of a crash was speculative at best. There was evidence that it was dark, that rain was falling over the entire area, that given the poor weather it would have been difficult to find the interstate from the air and that it would have been very dangerous to land on the interstate.
 
 
 3
 There was also evidence to support the district court's finding that icing of the carburetor, and the pilot's failure to halt the icing by using his engine heater, caused engine failure and therefore proximately caused the accident. The plane was found with the engine heater switch in the "off" position, and there was testimony that the pilot should have used the heater to combat the carburetor icing. In addition, there was testimony to support the district court's finding that the initial reroute of the plane did not send it into substantially worse weather than it would have otherwise encountered. The district judge was obliged to weigh this testimony against conflicting evidence and was entitled to resolve the conflict in favor of the defendant.
 
 
 4
 In sum, we perceive substantial support in the record for the district court's factual findings. Although the conflicts in the evidence could have been resolved differently, we cannot say the district court's factual conclusions were clearly erroneous.
 
 
 5
 AFFIRMED.